IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01683-BNB

SHANE C. YOUNGER,

    Plaintiff,

v.

SSDI, and
SSB,

    Defendants.

---

## <u>SECOND</u> ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Shane C. Younger, initiated this action by filing ***pro se*** a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Complaint.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.  On July 2, 2013, the Court directed Mr. Younger to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The Court also directed Plaintiff to file his amended complaint on the court-approved Complaint form.

    Mr. Younger submitted a Letter to the Court on July 23, 2013, with several documents attached.  He has not, however, file an amended complaint on the court-approved form, in compliance with the July 2, 2013 Order.  However, because Mr. Younger attempted to comply, the Court will give him one more opportunity to file an amended complaint.

    The documents Mr. Younger filed on July 23, 2013 include: (1) a January 11,

2012 decision from a Social Security Administration administrative law judge (ALJ) denying Plaintiff's request for disability insurance benefits and supplemental social security income; and (2) an appeal of that decision that is dated July 16, 2013. [Doc. # 5, at 7-20, 24-26, 29-36]. However, Mr. Younger does not provide any documentation to indicate that he has received a decision from the Appeals Council on his appeal.

By statute, federal courts have jurisdiction to review "any final decision of the Commissioner." 42 U.S.C. § 405(g); *see also* § 405(h) ("No findings of fact or decision of the Commissioner . . . shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Because the term "final decision" is not defined in the statute, "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Under the regulations, a decision of the Commissioner is not "final" for jurisdictional purposes unless the claimant first exhausts his administrative remedies. 20 C.F.R. §§ 404.900(a), 416.1400(a); *see Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir.1993); *see also Califano v. Sanders*, 430 U.S. 99, 102 (1977) ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner] . . . ."). A claimant may be excused from the exhaustion requirement in certain limited circumstances. *See Marshall*, 5 F.3d at 455; *see also Mathews v. Eldridge*, 424 U.S. 319, 330–32 (1976).

Mr. Younger is again directed to file an amended complaint that complies with the July 2, 2013 Order and the pleading requirements of Fed. R. Civ. P. 8. Mr. Younger must allege in the "Jurisdiction" section whether he is proceeding under 42 U.S.C. § 405(g). If so, Plaintiff should further allege in the amended complaint whether he has received a decision from the Appeals Council on his appeal of the ALJ's

decision. Mr. Younger must present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Plaintiff, Shane C. Younger, file **within thirty days from the date of this order,** an amended complaint on the court approved form that complies with Rule 8 of the Federal Rules of Civil Procedure and otherwise complies with the directives of this order and the order dated July 2, 2013. It is

FURTHER ORDERED that the Clerk of the Court shall mail to Mr. Younger a copy of the court-approved Complaint form. It is

FURTHER ORDERED that if Mr. Younger fails to file an amended complaint as directed within the time allowed, the complaint and the action may be dismissed without further notice.

DATED August 14, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge