IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **13-cv-1683-AP**

**SHANE C. YOUNGER,**

        Plaintiff,

v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**

        Defendant.

## ORDER REOPENING CASE AND FOR APPOINTMENT OF COUNSEL

**KANE, J.,**

    As a result of oversight and multiple additional failures related to difficulties in managing cases brought by pro se litigants, this putative social security appeal was dismissed for failure to prosecute. Plaintiff moved to reopen the case (Doc. 31), submitting medical records and explaining that he had come to the Courthouse building to file his response to the Court's order to show cause but had been unable to do so. While Plaintiff's pro se Complaint does not state an appeal from any particular final order of the Commissioner,[1] I am concerned about Plaintiff. It is therefore ORDERED that this case is REOPENED and that an attempt be made under the Court's Civil Pro Bono Pilot Project to locate counsel to represent Plaintiff.

    Accordingly, and pursuant to D.C.COLO.LAttyR 15 of the U.S. District Court's Local Rules, the Court hereby conditionally determines that Plaintiff merits appointment of counsel drawn from the Civil Pro Bono Panel. The Court is satisfied that it the interests of justice, including benefits to the Court, will be served by the appointment of experienced social security counsel to represent plaintiff.

    Accordingly, it is ORDERED that the Clerk shall select, notify, and appoint counsel to

---

[1] Plaintiff's handwritten Complaint merely states that he has "applied for Social Security last 3 years, have new evidence to show the Court, from doctors." Compl. (Doc. 1) at p. 6.

represent the unrepresented party in this civil matter.  The unrepresented party is advised that the clerk will select counsel from the Panel; however, there is no guarantee that Panel members will undertake representation in every case selected as part of the Pilot Program.  The Court cautions that the plaintiff/defendant is responsible for all scheduled matters, including hearings, depositions, motions and trial.

Should the Clerk identify counsel willing to represent Plaintiff in this matter, said counsel shall undertake a review of Plaintiff's ability to retain counsel by other means and the merits of Plaintiff's claims.  In the event said counsel determines that Plaintiff either is able to retain an attorney without the Court's assistance, or that Plaintiff's claims are substantially lacking in merit, said counsel shall notify the Court immediately and may request to be withdrawn as counsel of record in this matter.

Dated at Denver, Colorado this 10th day of February, 2015.

s/ John L. Kane
SENIOR U.S. DISTRICT JUDGE